IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| ARTO HARRISON, | : |
| --- | --- |
| Plaintiff, | : |
| v. | : Civ. No. 14-1009-RGA |
| HOWARD R. YOUNG CORRECTIONAL INSTITUTION, et al., | : |
| Defendants. | : |

Arto Harrison, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

November 14, 2014
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Arto Harrison, a former inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 13). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(a). (*See* D.I. 2).

Plaintiff suffers from severe back problems. When he arrived at the HRYCI, he was housed three men to a cell in a one man cell and slept on the floor. Plaintiff alleges that the condition worsened, was not addressed, and that security was aware of his condition, but placed him in situations that caused him unnecessary pain and suffering. He seeks injunctive relief and compensatory and punitive damages.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Plaintiff's claims against Defendants fail as a matter of law. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The HRYCI falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. Further, Defendants HRYCI and the medical department are not persons subject to claims under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The State has not waived its immunity from suit in federal court, *see Brooks-*

*McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007), and although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Therefore, the Court will dismiss the complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

However, it appears plausible that Plaintiff may be able to articulate a claim against alternative defendants. Therefore, Plaintiff will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007).

Plaintiff requests counsel. (D.I. 9). This case is in its early stages and, as the complaint now stands, is not cognizable. Therefore, the Court will deny the request for counsel without prejudice to renew.

For the above reasons, the Complaint will be dismissed as legally frivolous and based upon Defendants' immunity pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1). Plaintiff will be given leave to file an amended complaint. The request for counsel (D.I. 9) will be denied without prejudice to renew.

An appropriate order will be entered.